IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WESLEY MAY,

     Petitioner,

v.                                      Civil Action No. 5:11CV82
                                                  (STAMP)

DAVID BALLARD, Warden
Mount Olive Correctional Complex,

     Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING PETITIONER'S MOTION TO AMEND
AND SUPPLEMENT, AND DENYING PETITIONER'S
MOTION TO STRIKE**

I. Background

On October 16, 2002, the petitioner in the above-styled civil action, Wesley May, was indicted in the Circuit Court of Berkeley County, West Virginia on the following charges: three counts of sexual abuse by a parent, guardian, custodian or person in a position of trust to a child in violation of West Virginia Code § 61-8D-5(a) (Counts One, Two, and Three); one count of distributing and exhibiting material depicting a minor engaged in sexually explicit conduct, in violation of West Virginia Code § 61-8C-3 (Count Four); and one count of distribution and display to a minor of obscene matter, in violation of West Virginia Code § 61-8A-2(a) (Count Five). A jury convicted the petitioner of Counts One, Two, and Four on September 30, 2003, and a conviction

order was entered on October 9, 2003. By an order entered on January 16, 2004, the petitioner was sentenced to a term of imprisonment not less than ten years nor more than twenty years on Count One, a consecutive term of not less than ten nor more than twenty years on Count Two, and a consecutive term of two years on Count Four.

The petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals on June 1, 2004. On September 9, 2004, the court denied the appeal. The petitioner then filed a motion for reconsideration of sentence with the Circuit Court of Berkeley County, which the circuit court denied on January 6, 2005. Next, the petitioner filed a petition for state habeas relief pursuant to West Virginia Code § 53-4A-1 in the Circuit Court of Berkeley County. The state habeas court accepted the petitioner's petition, appointed counsel, and ordered habeas counsel to file an amended petition. Christopher Prezioso, counsel for the petitioner, filed an amended petition for post-conviction relief on March 27, 2008. Subsequently, the petitioner, by counsel, filed a second amended petition. Counsel for the respondent filed a motion to dismiss the amended petition. On September 15, 2010, the Circuit Court of Berkeley County issued a final order denying the petition for writ of habeas corpus. The petitioner, by counsel, appealed to the West Virginia Supreme Court of Appeals. The court denied the appeal on May 16, 2011.

Shortly thereafter, on June 10, 2011, the petitioner filed a petition for federal habeas relief under 28 U.S.C. § 2254, alleging various violations of his constitutional rights. Then, on September 13, 2011, the petitioner supplemented this petition with three additional claims. As taken verbatim from United States Magistrate Judge John S. Kaull's report and recommendation, the petitioner specifically made the following claims:

1. Petitioner was deprived of the effective assistance of counsel:

    a. Counsel failed to seek severance of the counts alleging sexual abuse by a parent, a crime classified as child abuse, from the count alleging violation of 61-8C-3;

    b. Counsel failed to investigate and present a mental defense or a diminished capacity defense;

    c. Counsel Wheaton failed to properly argue issues of suppression concerning four evidentiary items:

        i. Petitioner's uncounseled statement of March 21, 2001;

        ii. The stories and diary entries attributed to defendant;

        iii. Other incidents of sexual abuse; and

        iv. The alleged photographs of child pornography;

    d. Counsel Wheaton did not properly hire or disclose the computer expert he hired as a defense expert;

e.   Counsel Wheaton failed to request that the State's primary witness be given an independent psychological evaluation;

f.   Counsel Wheaton failed to request the Grand Jury minutes or Grand Jury Transcripts;

g.   Counsel Wheaton did not relay the state's plea offer in a timely and appropriate manner;

h.   Counsel Wheaton failed to fulfill his obligation to serve as his client's advocate at crucial junctures in the case:

i.   Counsel failed to strike biased and questionable jurors;

ii.  Counsel failed to present the proper evidence at trial;

iii. Counsel failed to properly interview the witness he mentioned in his opening statements;

i.   Counsel Wheaton did not review the pre-sentence investigation report prepared by the County Probation Officer prior to petitioner's sentencing;

2.   Appellate counsel failed to include more viable appellate issues in petitioner's direct appeal;

3.   Petitioner was denied his right to an appropriate sentence as guaranteed by the Eighth Amendment to the Constitution;

4.   Petitioner was denied his constitutional right to a fair and impartial jury as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the U.S.A., because the jury selection process was flawed;

5.   Petitioner's constitutional right to due process of law is guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. Was [sic] violated when the Court admitted inauthentic evidence that should have been excluded and suppressed;

6.   Petitioner's constitutional right to due process of law as secured by the Fifth and Fourteenth amendments to the Constitution of the U.S.A. was violated by the prosecutor's prejudicial and improper communication with the petit jury;

7.   Petitioner's constitutional rights to notice of the charges levied at him and due process of law as secured by the Fifth, and Sixth and Fourteenth Amendments to the Constitution of [the] United States of America were violated when the true bill of indictment returned by the grand jury of Berkeley County failed to specify a specific date or distinguish between sexual conduct on any given date;

8.   Petitioner's constitutional right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. was violated when the prosecutor withheld relevant evidence prior to trial;

9.   Petition[er] was denied his constitutional right to effective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution of West Virginia ([sic] in original) when petitioner was not represented by counsel at the preliminary hearing in this case;

10.  Petition[er] was denied his right to a fair and impartial jury as secured by the Fifth, Sixth and Fourteenth [A]mendments to the Constitution of the U.S.A...[sic] when the sole state witnesses to the crime gave unauthentic testimony; and

11.  Petitioner was denied his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. when petitioner was incompetent to state trial . . .

12.  Petitioner's right to due process of law as secured by the Fifth and Fourteenth Amendments and his right to a fair jury as secured by the Sixth amendment to the Constitution of the U.S.A. was violated when the alleged victim was allowed to testify without any proper psychiatric determination of witness's competency;

13.  Petitioner was denied his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. when law enforcement improperly built a criminal case against petitioner

through the guise of a civil abuse and neglect proceeding;

14. Petitioner's constitutional right to due process of law as secured by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. was violated when the prosecuting attorney for Berkley County, West Virginia failed to fulfill his duties as an officer of the court.

ECF No. 40 *10-12. The respondent filed an answer to the petition, along with a motion for summary judgment, on October 13, 2011. In the motion for summary judgment, the respondent asserted: (1) the petitioner's claims were not cognizable in federal habeas corpus; (2) the petitioner failed to state a claim on which relief could be granted; and (3) the petitioner has failed to demonstrate that he is entitled to relief on any of his claims.

On June 7, 2012, the petitioner filed a motion to amend and supplement his petition for federal habeas corpus. As the magistrate judge stated, the petitioner wished to supplement his petition with the following additional claims:

1. Petitioner was provided ineffective assistance when his defense counsel Keith Wheaton failed to seek the dismissal of count four of the indictment as unconstitutional and a violation of Petitioner's right to a unanimous verdict;

2. Petitioner was provided ineffective assistance when his appellate counsel, Andrew Arnold, failed to seek the dismissal of count four of the indictment as unconstitutional and a violation of Petitioner's right to a unanimous verdict;

3. Petitioner was denied his right to an appropriate sentence because the Court imposed a two-year sentence for violating W. Va. Code § 61-8C-3 when there was no proof that he had filmed a minor engaged in sexually explicit conduct; [and]

4. Petitioner was denied his right to an appropriate sentence because the Court imposed a two-year sentence for violating W. Va. Code § 61-8C-3 when the statutory framework in place at the time of Petitioner's trial mandated prosecution of his conduct under W. Va. Code § 61-8-28.

ECF No. 40 *12-13. The respondent filed an objection to the petitioner's motion to amend on July 12, 2012. The respondent objected by stating that the petitioner failed to exhaust his state remedies regarding the above stated additional claims and that such claims were untimely and should thus be dismissed.

After conducting a preliminary review of the file pursuant to Local Rule of Prisoner Litigation Procedure 2, Magistrate Judge Kaull issued a report and recommendation recommending that the respondent's motion for summary judgment be granted, the petitioner's motion to amend be denied, and the petitioner's § 2254 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation. On September 7, 2012, after receiving an extension of time, the petitioner filed objections to the report and recommendation. The respondent filed a reply to those objections on September 13, 2012. Thereafter, on September 21, 2012, the petitioner filed a motion to strike the respondent's reply to petitioner's objections. For the reasons set forth below, this Court finds that the report and

recommendation must be affirmed and adopted in its entirety and the petitioner's motion to amend and supplement his petition must be denied.

Although this Court reviewed both the respondent's reply and the petitioner's motion to strike, the consideration of these filings do not change the results set out below. Furthermore, petitioner's motion to strike is based on his assertion that respondent's reply is instead an objection to the magistrate judge's report and recommendation and was thus untimely filed. The petitioner, however, is incorrect. The respondent's reply is just that, a reply to the petitioner's objections. Such a response to objections is allowed pursuant to Local Rule of Prisoner Litigation 12.3 if it is made within fourteen days after being served a copy of the objections. Respondent filed the reply within the fourteen-day time limit. Thus, even if the respondent's reply did alter the results below, it is not appropriate to strike the reply as it is an acceptable response pursuant to the Local Rules.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F.

Supp. 825 (E.D. Cal. 1979).  This Court reviews <u>de novo</u> the magistrate judge's report and recommendation as to those findings that the petitioner's objections address.  All findings and recommendations to which objections were not raised will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III.  <u>Discussion</u>

A.  <u>Federal Habeas Review Under Title 28, United States Code, Section 2254</u>

Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas relief.  To exhaust state remedies, a habeas petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim."  <u>Longworth v. Ozmint</u>, 377 F.3d 437, 438 (4th Cir. 2004) (citations and internal citation omitted).  Until the state has been given the opportunity to consider the issue and afford a remedy if relief is warranted, "federal courts in habeas proceedings by state prisoners should stay their hand."  <u>Durkin v. Davis</u>, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting <u>Gilstrap v. Godwin</u>, 517 F.2d 52, 53 (4th Cir. 1975)).  The petitioner bears the burden of proving exhaustion.  <u>See</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998).  However,

the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). The phrase "'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

Nevertheless, habeas corpus relief is not warranted unless the constitutional error at trial had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). Accordingly, "[u]nder this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637.

B.   Petitioner's Claims

   1.   Ineffective Assistance of Counsel Claims

   The Supreme Court set forth a two-prong test in Strickland v. Washington, 466 U.S. 668 (1984), for claims of ineffective

assistance of counsel.  In order for the petitioner to satisfy this test and for this Court to reverse his conviction, the petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced the defendant.  This Court finds that the petitioner failed to satisfy the <u>Strickland</u> test and it will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

a. <u>Failure to Seek Severance of Indictment Counts</u>

In petitioner's first allegation of ineffective assistance of counsel, petitioner argues that he was prejudiced because his attorney failed to seek severance of Counts One through Three of his indictment from Counts Four and Five.  Counts One through Three were based on sexual abuse by a parent, guardian, custodian or person in position of trust to a child; whereas, Counts Four and Five were based on the distribution and display to a minor of obscene matter.  The magistrate judge was correct in finding that the petitioner was not prejudiced by counsel's failure to seek severance.

In <u>State v. Edwards</u>, the West Virginia Supreme Court of Appeals stated:

> Collateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents

11

reasonably close in time to the incident(s) giving rise to the indictment.

Syl. Pt. 2., 183 W. Va. 641 (1990). Based on this, as the magistrate judge pointed out, the trial court could have introduced the pornographic images involved in Counts Four and Five in a trial for Counts One through Three even if counsel moved for severance. Thus, petitioner was not prejudiced by counsel's decision because a motion for severance would not have had an impact on the evidence introduced at petitioner's trial.

Petitioner makes an objection to the magistrate judge's findings, alleging that the pornographic images found by the investigator were not the property of the petitioner. This claim was not raised in petitioner's petition for relief nor was it raised in his state court appeals. Thus, it is procedurally barred. Regardless, petitioner's claim that the images are not his is irrelevant to his claim of ineffective assistance of counsel.

b.  Failure to Investigate or Present a Defense Related to Petitioner's Mental State or Mental Capacity

Petitioner argues that counsel provided him with ineffective assistance by failing to assert a mental defense or diminished capacity defense. Counsel's failure to pursue such defenses, however, does not constitute a claim for ineffective assistance in this instance. As stated by the magistrate judge, defense counsel has an affirmative obligation to conduct an investigation into a defendant's background, including his mental history. See Williams

12

v. Taylor, 529 U.S. 362, 396 (2000); see also Strickland at 691. The petitioner in this matter, however, does not allege, nor does the record demonstrate any facts which would raise a doubt regarding his competency to stand trial or his capacity at the time of the alleged crimes. Thus, the magistrate judge was correct in his finding that these claims do not constitute ineffective assistance of counsel.

Petitioner makes various allegations in his objections that he believes relate to his capacity at the time of the alleged crimes and his capacity during the statement he provided the police. These allegations relate to his alcohol abuse, depression, and abuse of NyQuil. West Virginia does recognize a diminished capacity defense. The defense is available "to permit a defendant to introduce expert testimony regarding a mental disease or defect that rendered the defendant incapable, at the time the crime was committed, of forming a mental state that is an element of the crime charged." Syl. Pt. 3, State v. Joseph, 590 S.E.2d 718 (W. Va. 2003). The petitioner has not made any allegations, nor is there any evidence in the record that petitioner suffers from such a mental disease or defect. Thus, this Court agrees with the magistrate judge's report that petitioner's claims regarding counsel's failure to investigate or present a mental state or capacity defense does not constitute ineffective assistance of counsel.

c.  <u>Failure to Properly Argue Issues of Suppression</u>

In his petition, the petitioner alleges that counsel failed to make motions to suppress four specific pieces of evidence and petitioner was prejudiced by such failure.  The magistrate judge found that petitioner was not prejudiced by such failures.  Based on the following analysis, this Court agrees with the magistrate judge's findings regarding the issues of suppression.  Petitioner objects to the magistrate judge's finding alleging that petitioner's counsel did not meaningfully cross-examine a witness, Bridget Magnette.  This Court, however, finds this allegation irrelevant as it does not relate to the evidence petitioner originally claimed counsel should have suppressed, nor does it even relate to the suppression of evidence and is thus not properly raised here.

In his petition, the first piece of evidence the petitioner claims his counsel should have sought to suppress were his statements made to an investigating officer on March 21, 2001.  Counsel did not file a motion to suppress these statements, however, in West Virginia "[i]t is the mandatory duty of a trial court, whether requested or not, to hear the evidence and determine in the first instance . . . the voluntariness of an oral or written confession by an accused person prior to admitting the same into evidence."  Syl. pt. 1, <u>State v. Fortner</u>, 148 S.E.2d 669 (W. Va. 1966).  The court in petitioner's case did in fact consider the

admissibility of the statements sua sponte during the pretrial hearing. ECF No. 19 Ex. 17 *111-112. The court found that the statements were voluntarily made and therefore admissible. If a motion was filed, the court would have likely made the same determination, and thus petitioner was not prejudiced by counsel not filing a motion to suppress in this instance.

The second piece of evidence that the petitioner claims counsel should have sought to suppress are the petitioner's stories and diary entries. The court in petitioner's pretrial hearing did discuss the issue of suppressing this evidence, and counsel strongly advocated against its admission. ECF No. 19 Ex. 17 *107-111. Again, there is no evidence that if counsel filed an official motion regarding the stories and diary entries that the court would have made a different determination and, therefore, there is no evidence that petitioner was prejudiced by counsel not filing the motion.

The third piece of evidence that petitioner argues counsel should have sought to suppress is what petitioner refers to as "other incidents of sexual abuse." No other information is provided as to what incidents petitioner is referring to. Therefore, this Court agrees with the magistrate judge's finding that the claim is insufficiently pled, unable to be judged on its merits, and should be dismissed.

The final piece of evidence that petitioner alleges he was prejudiced by counsel not seeking to suppress are photographs of child pornography. Again, this Court agrees with the magistrate judge's finding that petitioner has not shown that counsel's inaction prejudiced his defense as there is no reason to believe that the trial court would have agreed to suppress the pictures. The pictures were related to counts of the petitioner's indictment including displaying pornographic pictures to a minor and they also were evidence of petitioner's lustful disposition towards the victim. See Syl. Pt. 2, State v. Edward Charles L., 398 S.E.2d 123 (1990).

      d.   Failure to Properly Hire or Disclose the Computer Expert

Petitioner argues that counsel failed to properly hire or disclose the defense's computer expert. Counsel did wait until the pretrial hearing to disclose the computer expert. Although the disclosure was untimely, the expert was certified and counsel examined the expert without interference from the prosecution. Therefore, this Court agrees with the magistrate judge's finding that the untimely hiring and disclosure did not prejudice the defense.

In his objections, the petitioner makes the argument that counsel failed to prepare the computer expert. This is not an objection to the magistrate judge's findings regarding counsel's

hiring and disclosure of the expert, but instead is a completely different claim regarding counsel's preparation of the expert. Petitioner not only failed to make this argument in his petition but also failed to make this argument to the state court, and thus he has not exhausted his remedies in accordance with 28 U.S.C. § 2254(b).

   e.  <u>Failure to Request a Psychological Evaluation of Victim</u>

   Petitioner asserts that counsel prejudiced his defense by not requesting that the victim be given a psychological evaluation prior to testifying. A defendant requesting additional psychological or physical exams in a West Virginia court must present the trial court with evidence of a compelling need or reason for the exam. Syl. pt. 3, <u>State v. Delaney</u>, 147 S.E.2d 903 (1992). The court then considers this need along with: (1) the nature of the examination; (2) the victim's age; (3) physical and/or emotional effects of the examination of the victim; (4) the probative value of the exam; (5) the time between the examination and the alleged criminal act; and (6) the alternative evidence available to the petitioner on the issue. <u>Id.</u> This Court agrees with the magistrate judge's findings on this claim. The petitioner has not provided any facts nor does the record contain any facts that would demonstrate a need for counsel to request that the victim be given a psychological evaluation prior to testifying.

The victim objects to the magistrate judge's finding. Petitioner alleges that the victim's suspension from school for a drug related incident and victim's accusations of abuse among other things show that the victim is a troubled soul and thus counsel should have requested a psychological exam. None of these accusations indicate that the victim was incompetent to testify or that counsel should have requested a psychological examination on the matter.

### f.   Failure to Order the Grand Jury Minutes

Petitioner next alleges that counsel provided him ineffective assistance by failing to order the grand jury minutes. In West Virginia, "[a] defendant must make a showing of particularized need to obtain pretrial disclosure of grand jury minutes and testimony other than his own." Syl. pt. 4, State v. Louk, 301 S.E.2d 596 (overruled on other grounds by State v. Jenkins 443 S.E.2d 244 (1994)). This includes when there are grounds that exist to dismiss the indictment based on matters occurring before the grand jury. See W. Va. R. Crim. P. 6(e)(3)(C)(ii). Also, the grand jury minutes must always be turned over to the defendant when a witness testifying at trial has previously testified before the grand jury. Petitioner's allegations that the minutes contained important information that most likely would have led to the indictment being dismissed is mere speculation. This Court agrees with the magistrate judge's findings that petitioner presented no evidence

that there were grounds to dismiss the indictment based upon matters occurring before the 2002 grand jury.

Petitioner objected to the magistrate judge's findings stating that counsel had an obligation to make a reasonable investigation of all prior legal proceedings. Even if this were true, counsel had no basis to obtain the grand jury minutes that petitioner complains of, and thus petitioner is not prejudiced by counsel's failure to order the minutes because counsel would have been unsuccessful in an attempt to do so.

g.  Failure to Communicate Plea Offer

Petitioner next claims that counsel provided him with ineffective assistance of counsel by not timely relaying a plea offer to petitioner. This Court agrees with the magistrate judge's finding that petitioner was not prejudiced by the delay in counsel communicating the offer because the terms of the offer were repeated in the pretrial hearing where again the state extended the defendant the plea offer and petitioner openly declined such offer at that time. ECF No. 19 Ex. 17 *29-34.

Petitioner objects to the magistrate judge's findings citing to two recent United States Supreme Court cases. Neither of these cases, however, address the situation alleged by the petitioner. In Lafler v. Cooper, 132 S. Ct. 1376 (2012), the Supreme Court addressed the issue of ineffective assistance of counsel concerning counsel's bad advice regarding a plea offer. In this situation,

the petitioner is not claiming he received bad advice, but rather that the plea was not timely communicated to him. The other case petitioner cites is <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012). In this case, the Supreme Court addressed a situation where defense counsel did not relay a plea offer to the defendant. The Court stated when counsel allowed the favorable offer to expire "without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." <u>Id.</u> at 1408. While it is true that defense counsel must relay plea offers to the defendant, the defendant still must show he was prejudiced from the ineffective assistance. <u>Id.</u> at 1409. Petitioner cannot show any prejudice in this situation because, as the magistrate judge stated, petitioner was again presented the plea offer in the pretrial hearing and openly declined it.[1]

  h. <u>Failure to Fulfill Obligation to Serve as Client's Advocate at Crucial Junctures</u>

  Petitioner asserts that counsel failed to serve as his advocate at three crucial junctures of petitioner's case. First, petitioner claims that counsel failed to strike biased and questionable jurors. Petitioner fails to state in his petition which jurors he is referring to; based on petitioner's state court

---

[1]There is also evidence that counsel did not receive the plea offer until the date the offer expired, and counsel relayed it to the petitioner that same day. ECF No. 37 Ex. 3.

filings, however, it is presumed he is referring to Mr. Womble, Mr. Keif, and Mr. Cook. Neither Mr. Womble nor Mr. Keif served on the petit jury, thus there is no basis for petitioner to claim he was prejudiced by counsel not striking these jurors. The third juror, Mr. Cook, did serve on the petit jury, but petitioner has failed to present any evidence of Mr. Cook's bias. Although, Mr. Cook was a former employee of the Federal Protective Service, this previous career in tax enforcement does not create any legitimate presumption of bias in a child sexual abuse case. This Court agrees with the magistrate judge's finding that petitioner failed to show prejudice in this instance.

Petitioner objects to the magistrate judge's findings stating that West Virginia law requires that criminal defendants be afforded a twenty member panel of prospective juror free from exception before defense counsel exercises his peremptory strikes. Although state law does require a panel of twenty jurors free from bias, petitioner has failed to show how his defense was prejudiced in this instance.

Next, petitioner argues that counsel failed to fulfill his obligations to serve as his client's advocate by failing to present proper evidence at trial. Petitioner fails to provide any information regarding what evidence he is referring to; thus, this Court agrees with the magistrate judge that this claim is

insufficiently pled, unable to be judged on its merits, and should be dismissed.

Finally, petitioner argues that counsel failed to properly interview the witness he mentioned in his opening statement and thus failed to fulfill his obligation to serve as his client's advocate. Petitioner does not explain which witness he is referring to, thus this Court assumes, like the magistrate judge did, that petitioner is referring to Christina Milton, the woman with whom the petitioner allegedly had an affair. The Court agrees with the magistrate judge's findings that petitioner was not prejudiced by counsel's decision to not call Ms. Milton as a witness.

i. <u>Failure to Review the Presentence Investigation Report with Petitioner</u>

Petitioner claims that counsel provided him with ineffective assistance by not reviewing the presentence investigation report ("PSR") with petitioner. Petitioner claims there were inaccuracies in the PSR that led to his receiving an excessively high sentence. Petitioner fails to set out what these inaccuracies were and how they specifically contributed to his sentence. Thus, this Court agrees with the magistrate judge's findings that the petitioner failed to prove prejudice in this situation. Petitioner objects to the magistrate judge's findings by stating West Virginia's procedure regarding PSRs and stating that he was denied his due

22

process and equal protection rights as a result of this procedure not being followed. These objections are without merit, as petitioner still has failed to explain how his sentence was affected by the alleged inaccuracies contained in the report, and thus how he was prejudiced by counsel's action.

j. <u>Failure to Include More Viable Appellate Issues in Petitioner's Direct Appeal</u>

In petitioner's final claim regarding ineffective assistance of counsel, he asserts that he was denied effective assistance because his appellate counsel failed to include more viable appellate issues in petitioner's direct appeal. The <u>Strickland</u> standard also applies to appellate counsel. <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2002). However, due to the exercise of judgment in framing issues on appeal, the standard makes it "difficult to demonstrate that counsel was incompetent under <u>Strickland</u> for omitting a particular argument. <u>Id.</u> at 288. Moreover, appellate counsel is not required to raise every non-frivolous issue requested by appellant under the <u>Strickland</u> standard. <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). On review, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." <u>Pruett v. Thompson</u>, 996 F.2d 1560, 1568 (4th Cir. 1993). In his petition, petitioner failed to describe what issues appellate counsel should have raised and he offered nothing to demonstrate that counsel's choice of appellate

issues was anything but reasonable under the circumstances.  Thus, this Court agrees with the magistrate judge's finding that petitioner failed to prove ineffective assistance of counsel in this instance.

Petitioner objected to the magistrate judge's findings by citing issues that appellate counsel should have raised in petitioner's appeal.  Not only did the petitioner fail to make all of these arguments in the state court proceeding, he also still has not demonstrated that counsel's choice of appellate claims was anything more than a tactical decision that was reasonable under the circumstances.  Thus, petitioner's objections to the magistrate judge's findings are inadequate to show ineffective assistance of counsel in regards to appellate counsel's choice of issues.

2.   Denial of an Appropriate Sentence in Violation of the Eighth Amendment

Petitioner in his next claim for relief states that he was denied an appropriate sentence in violation of the Eighth Amendment because the statute he was convicted of violating did not provide a penalty for sexual abuse by a parent.  Petitioner claims that before July 1998, West Virginia Code § 61-8D-5(a) prohibited sexual abuse by a parent but failed to set forth a criminal penalty for such sexual abuse because the term "parent" was omitted from of the penalty section.  In July 1998, however, the West Virginia

Legislature amended the code section to include the term "parent" in the criminal penalty portion.

Petitioner was convicted on Counts One and Two of his indictment, which charged him with engaging in sexual contact with the victim between July 1998 and July 2001. The loophole in the penalty provision was amended in July 1998. Thus, this Court agrees with the magistrate judge's findings that this claim has no merit. The petitioner was convicted of violations that clearly occurred after "parent" was included in the penalty provision. Moreover, petitioner failed to raise this claim in the state courts, and thus he failed to exhaust his remedies as required in a habeas action. 28 U.S.C. § 2254(b).

Petitioner objects to the magistrate judge's determination stating that the sentence for filming minor engaged in sexually explicit conduct is an illegal sentence and his appeal is currently before the West Virginia Supreme Court. Petitioner also objects, stating that it was impossible for him to have committed any crimes against the victim between March 21, 2001 and July 2001 because the victim was removed from petitioner's home in March. These are not objections to the magistrate judge's findings regarding this claim but rather new arguments that were not raised in his petition nor in his state court proceedings. Therefore, the claims are not properly before this Court.

3.   <u>Denial of a Fair and Impartial Jury</u>

In petitioner's next claim, he alleges that he was denied a fair and impartial jury because the jury selection process was flawed.  Specifically, petitioner claims: (1) the trial court should have stricken Michael Womble, who was a former federal law enforcement officer and employee of the Berkeley County Sheriff's Department, due to bias; and (2) the trial court's practice of selecting a venire by calling jurors in alphabetical order, as opposed to randomly, violated his right to an impartial jury.

This Court agrees with the magistrate judge's finding that these two claims did not affect his federal constitutional right to an impartial jury.  First, Mr. Womble was not a member of the petit jury.  Even if West Virginia does require a panel of jurors to be free from bias, there is no equivalent federal constitutional requirement, but instead the Constitution only requires that the petit jury as selected be free from bias.  <u>Rivera v. Illinois</u>, 556 U.S. 148, 157; <u>see</u> <u>United States v. Martinez-Salazar</u>, 528 U.S. 304, 313 (2000) ("So long as the jury that sits is impartial the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.").  Second, petitioner's claim that calling prospective jurors for the venire in alphabetical order violates his rights to a fair and impartial jury is based on state law.  Specifically, petitioner cites <u>State ex rel. Stanley v. Sine</u>, 594 S.E.3d 314 (W. Va. 2004).

However, there is no legal support for the contention that calling prospective jurors in alphabetical order violates the Sixth Amendment of the United States Constitution.

Petitioner objects to the magistrate judge's findings on this matter by again citing to state law regarding the selection of jurors for the venire. Petitioner states that by ignoring such laws, this Court is undermining "the constitutional guarantee of a republican government" and "the comity inherent in federalism." ECF No. 48 *14. This Court finds these arguments unpersuasive and irrelevant. They do not address the petitioner's claim that his constitutional rights were violated and thus are not properly before this Court.

### 4. <u>Admission of Inauthentic Evidence</u>

In his next claim for relief, petitioner alleges that the trial court failed to suppress inauthentic evidence and his due process rights were violated. Petitioner claims specifically that the statements he gave to police while they executed a search warrant on his home should have been suppressed because (1) he was under <u>de facto</u> arrest, (2) he was not promptly presented to a magistrate, and (3) he was not mentally capable of making such statements voluntarily at the time.

This Court agrees with the magistrate judge's determination that admitting petitioner's statements did not violate the petitioner's due process rights. First, a <u>de facto</u> arrest occurs

27

when "the officers' conduct is more intrusive than necessary."
United States v. Bloomfiled, 40 F.3d 910, 916-17 (8th Cir. 1994)
(quoting United States v. Rose, 731 F.2d 1337, 1342 (8th Cir.
1984). Based on the facts pertaining to the search of petitioner's
home as outlined in the magistrate judge's report and
recommendation, the five-hour search was not more intrusive than
necessary in this instance. Second, a defendant is only entitled
to prompt presentment before the magistrate judge under Federal
Rule of Criminal Procedure 5(a) if the defendant is arrested.
Petitioner's argument fails here because he was not arrested prior
to or after making the statements in question; thus, he had no
right to prompt presentment. Third, petitioner claims he was not
capable of making the statements to the officer voluntarily at the
time he made them. The petitioner, however, did not present any
evidence that would indicate his statements were involuntary. The
petitioner objects to the magistrate judge's findings. This Court,
however, is unable to decipher how these objections relate to
petitioner's claim in this instance.

  5. <u>Opposing Counsel's Improper Communication with the Jury</u>

  The petitioner next claims that the prosecutor in his trial
improperly communicated with the jury and thus petitioner's due
process rights were violated. The petitioner claims that the
prosecutor made comments to the judge that the jury overheard
regarding petitioner's extramarital affair. This Court agrees with

the magistrate judge's report, finding that there is no evidence to support this contention, and even if there was, petitioner's counsel mentioned petitioner's affair in his opening statement. ECF No. 19 Ex. 19 *83-84. Petitioner does not object to the magistrate judge's report in this instance.

    6. <u>Improper Indictment</u>

    In petitioner's next claim, he argues that his indictment violated his constitutional rights because the counts failed to specify a specific date or distinguish between the alleged sexual conduct.[2] Petitioner claims that his due process rights were violated because the indictment failed to provide proper notice and it failed to protect petitioner against double jeopardy. This Court affirms the magistrate judge's report and recommendation regarding this claim. The petitioner objects to the magistrate judge's findings by citing cases he believes are similar and stand for the proposition that his indictment did in fact violate his due process rights.[3] These cases, however, are distinguishable from

_____

    [2]Although the respondent did not raise the argument that the petitioner failed to exhaust his claim in this instance, a review of the record makes certain that the petitioner did make this claim in his state court habeas petition and in his state habeas appeal. ECF No. 19 Ex. 6 *6, Ex. 7 *33, Ex. 8 *37, and Ex. 10 *40.

    [3]Petitioner cites <u>Russel v. United States</u>, 369 U.S. 749 (1982), <u>Valentine v. Konteh</u>, 395 F.3d 626 (6th Cir. 2005), and <u>Dilworth v. Markle</u>, No. 1:08CV200, 2010 U.S. Dist. LEXIS 12370 (N.D. W. Va. Feb. 12, 2012).

petitioner's case; the indictment did not violate the petitioner's due process rights.

An indictment is sufficient for due process purposes if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974) (citations omitted). These due process rights not only apply to federal indictments, but courts have found they also apply to state criminal charges. Valentine v. Konteh, 395 F.3d 626, 631 (6th Cir. 2005) (citations omitted).

In Valentine, the indictment contained twenty counts of child rape and twenty counts of felonious sexual penetration. Id. at 629. No distinction was made between any of the counts within each category. Id. The Sixth Circuit found that the forty-count indictment did not satisfy the notice and double jeopardy requirements, and thus violated the petitioner's due process rights. Id. at 631. As other courts have found, the Sixth Circuit said that the identical date range given in each count was not in conflict with the notice requirements. Id. at 632. Rather, the issue with the indictment was that "absolutely no distinction was made." Id. The court found that the prosecution did not lay out a factual bases in its charges or in the evidence presented before the jury of forty separate incidents. Id. The victim was the only

witness to testify regarding the incidents and she testified in terms of estimates of how many times the various incidents occurred, without distinguishing one incident from another. <u>Id.</u> at 629. As the court noted, "[t]he due process problems in the indictment might have been cured had the trial court insisted that the prosecution delineate the factual bases for the forty separate incidents either before or during the trial." <u>Id.</u> at 634.

The petitioner's indictment does contain three identical charges for child sexual abuse that contain the same date range of July 1998 and July 2001. ECF No. 19 Ex. 1. In the petitioner's case, however, the prosecution did delineate the factual bases for the separate counts of the indictment during trial. The victim testified in detail to at least four separate incidents occurring within the time frame provided in the indictment. <u>See</u> ECF No. 19 Ex. 21 *15, 18, 19, and 21. In fact, counsel even indicates to the court after asking the victim about one incident that he is no longer asking the victim about prior bad acts, but instead he is asking about one of the acts that the petitioner was actually charged with. <u>Id.</u> at *15-16. Thus, petitioner's due process rights were not violated because he was provided adequate notice of the charges against him and he was protected from double jeopardy.

  7.  <u>Relevant Evidence Withheld from Defense</u>

The petitioner next claims that the state withheld relevant evidence in violation of petitioner's constitutional due process

rights.  The petitioner specifically believes he was entitled to the victim's complete sexual history.  This Court agrees with the magistrate judge's finding that petitioner was not in fact entitled to such evidence because petitioner failed to show that such evidence is material to his guilt or punishment.  A defendant's due process rights are violated when the prosecution withholds exculpatory or impeachment evidence that is material to the defendant's guilt or punishment.  <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).  In order for evidence to be considered material, there must be a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

Petitioner objects to the magistrate judge's finding stating that this Court should review a document he believes was produced by the Department of Health and Human Services in July 1998 that contains a narrative by someone who counseled the victim.  He believes that this court should review this document to determine whether there are any inconsistencies between it and the victim's statements at trial.  Petitioner has failed to point out any actual inconsistency that exists or that even the possibly of an inconsistency exists.  Thus, this Court agrees with the magistrate judge's findings that petitioner has failed to provide this Court with evidence that the state withheld any material evidence relevant to his guilt or punishment.

8.  <u>Representation at Preliminary Hearing</u>

The petitioner claims that he was denied his constitutional right to counsel at his preliminary hearing. This Court agrees with the magistrate judge's finding that petitioner failed to exhaust his state remedies for this claim as required by 28 U.S.C. § 2254(b). Petitioner did not raise this issue in his direct appeal, and although he raised the issue before the state habeas court, he did not raise it in his state habeas appeal. The petitioner objects to the magistrate judge's finding stating that he informed his attorney that he did not have legal representation at his preliminary hearing. This objection is irrelevant as, regardless of whether he informed his attorneys of this issue, the claim was not properly exhausted in state court.

9.  <u>Presentation of Unauthentic Testimony</u>

The petitioner next claims that his constitutional rights were violated when the victim provided "unauthentic testimony." Petitioner claims that the victim's testimony was false, coerced, or both. The magistrate judge's findings in this instance are again correct. Petitioner seems to allege that the victim provided perjured testimony to the trial court. It is true that a criminal defendant's due process rights are violated when false testimony is used against him at trial. <u>Nupee v. Illinois</u>, 360 U.S. 264, 269 (1959). The defendant, however, must prove that "the prosecution knew, or should have known of the perjury." <u>United States v.</u>

Agurs, 427 U.S. 97, 103 (1976). As the magistrate judge acknowledges, the petitioner did not provide any evidence that the victim's testimony was in fact perjured or that the prosecution knew of such perjury. Instead, petitioner merely asserts incidents that may have influenced the victim's testimony without any proof that the victim's testimony was in fact influenced by such things. Petitioner did not object to the magistrate judge's findings regarding this claim.

    10. Incompetency to Stand Trial

    Next, petitioner alleges that he was denied his constitutional due process rights because he was incompetent to stand trial. This Court agrees with the magistrate judge's findings that this claim lacks merit because the record indicates petitioner was in fact competent to stand trial. A criminal trial of an incompetent defendant does violate the defendant's due process rights. Medina v. California, 505 U.S. 437, 453 (1992). In order for a defendant to be competent to stand trial he must have: (1) the ability to consult with his lawyer with his lawyer and (2) a rational and factual understanding of the proceedings against him. There is no evidence in the record, nor has petitioner presented any evidence, that he lacked the competency to stand trial. As stated in the magistrate judge's report and recommendation and in the state habeas order, the record actually indicates that he was competent at trial. The petitioner participated in the pretrial hearings and

provided "detailed" and "lucid" testimony and responses to cross-examination. ECF No. 19 Ex. 9 *17. The petitioner also raises the argument in this section of his petition that his counsel failed to investigate or present a claim of diminished capacity. This Court discussed this claim of ineffective assistance of counsel in Section B.1.b., <u>supra</u>. The petitioner did not make any objections to the magistrate judge's report and recommendation in this instance.

    11. <u>Independent Psychological Evaluation of the Victim</u>

    The petitioner raised three additional claims in his motion to supplement his petition. The first claim petitioner raised is that he was denied his constitutional due process rights and right to a fair trial when the victim was allowed to testify without any competency evaluation. This Court agrees with the magistrate judge's determination that petitioner did not establish, nor does the record indicate, any need for a psychological evaluation of the victim. In West Virginia, a defendant must present the trial court with evidence that there is a compelling need or reason for a witness to undergo additional psychological exams. Syl. pt. 3, <u>State v. Delaney</u>, 187 S.E.2d 903. When the court makes this determination it will also take into account the following factors: (1) the nature of the examination; (2) the victim's age; (3) physical and/or emotional effects of the examination of the victim; (4) the probative value of the exam; (5) the time between the

examination and the alleged criminal act; and (6) the alternative evidence available to the petitioner on the issue.  Id.  "The question of competency of a witness to testify is left largely to the discretion of the trial court and its judgment will not be disturbed unless shown to have been plainly abused resulting in manifest error."  Syl. pt. 8, State v. Wilson, 207 S.E.2d 174, 177 (W. Va. 1974).  As the magistrate judge's report states, there is no evidence that the court should have subjected the victim to a psychological exam prior to her testimony.  Petitioner objects to the magistrate judge's findings by stating that when the victim went to counseling for a drug related incident, the victim told the counsel that her father abused her to deflect attention from her problems.  This is not a fact, but a mere allegation on the part of the petitioner, and thus it is irrelevant in the determination of this claim.

     12.  Law Enforcement Improperly Built a Case Through the Guise of a Civil Proceeding

     The petitioner next alleges that law enforcement officials improperly built a case through the guise of a civil abuse and neglect proceeding and thus violated his due process rights.  As the magistrate judge determined, it appears that the petitioner is alleging that, under the pretense of obtaining relevant information for its civil proceeding, the state tricked the petitioner into providing incriminating statements to law enforcement.  This Court

agrees with the magistrate judge's report finding that there is nothing in the record to indicate that the investigative officers acted in concert with the Department of Health and Human Resources ("DHHR") to trick petitioner into providing any incriminating statements. The petitioner's objection on this matter is almost indecipherable. The petitioner seems to claim that there is evidence that the two officers were acting in concert because a DHHR social worker had not yet spoke with the victim prior to claims that she provided information to obtain a search warrant for petitioner's home. These claims, whether true or not, do not provide enough evidence that there was in fact a conspiracy between the two officers or that petitioner's due process rights were violated.

13. <u>Prosecuting Attorney Failed to Fulfill his Duties as an Officer of the Court</u>

The petitioner finally asserts that his due process rights were violated when the prosecuting attorney in his case failed to fulfill his duties as an officer of the court. Specifically, petitioner makes the following claims:

A. Gregory K. Jones, Assistant Prosecuting Attorney for Berkeley County, West Virginia, failed to fulfill his duty as an officer of the Court by assenting to the alphabetical selection of potential jurors in contravention of statutory law.

B. Gregory K. Jones, Assistant Prosecuting Attorney for Berkeley County, West Virginia, failed to fulfill his duty as an officer of the Court by failing to secure an unbiased jury panel for petitioner when Michael Womble,

a law enforcement officer, was included in the panel of twenty prospective jurors "free from exception."

C.     Gregory K. Jones, Assistant Prosecuting Attorney for Berkeley County, West Virginia, failed to fulfill his duty as an officer of the Court when he failed to correct his own improper assertion that Ms. Christina Milton was not an adult at the time her alleged affair with petitioner.

D.     Gregory K. Jones, Assistant Prosecuting Attorney for Berkeley County, West Virginia, failed to fulfill his duty as an officer of the Court by failing to disclose his intention to dismiss the recidivist claim in the expired plea letter forwarded to petitioner's counsel, Keith L. Wheaton.

E.     Gregory K. Jones, Assistant Prosecuting Attorney for Berkeley County, West Virginia, failed to fulfill his duty as an officer of the Court by failing to provide petitioner access to a letter and other evidence mailed to Gregory Jones and the West Virginia State Police in July 1998.  In said letter and other evidence, an agent of the WVDHHR had substantiated that the victim in this case alleged the sexual misconduct occurred prior to the Revision of W. Va. Code, § 61-8D-5 in 1998 when the sanction for the alleged offense was five fifteen years rather than the ten twenty years mandated by the current version of W. Va. Code § 61-8D-5.

F.     Gregory K. Jones, Assistant Prosecuting Attorney for Berkeley County, West Virginia, failed to fulfill his duty as an officer of the Court by failing to inform petitioner of any specific changes, modification or alterations between the indictment returned by the Grand Jury in 2001 and the indictment returned by the Grand Jury in 2002 as they allegedly constituted the same crimes.

G.     Gregory K. Jones, Assistant Prosecuting Attorney for Berkeley County, West Virginia, failed to fulfill his duty as an officer of the Court by failing to inform the Honorable Christopher C. Wilkes that petitioner's sworn statements were entered into the record by Senior Trooper E.D. Burnett and ruled upon in the previous abuse/neglect adjudication wrongly.

ECF No. 40 *46-47.

This Court again agrees with the magistrate judge's findings on this matter. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. pt. 4, State ex rel. McMannis v. Mohn, 163 W. Va. 129 (1979); see Grundler v. North Carolina, 283 F.2d 798, 802 ("It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented."). None of petitioner's claims regarding the prosecuting attorney and his failure to fulfill his duties rise to the level of a constitutional violation. Instead they are at most ordinary trial errors. Petitioner did not make any objections to the magistrate judge's determination of this matter.

    14.  Evidentiary Hearing

    The petitioner claims, though perhaps not in his petition for relief but rather in his response to respondent's motion for summary judgment, that he is entitled to an evidentiary hearing in this matter. This Court agrees with the magistrate judge's determination that no such hearing is warranted. In a habeas action, the federal court must grant the applicant an evidentiary if:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence;

> (5) the material facts were not adequately developed at
> the state-court hearing; or (6) for any reason it appears
> that the state trier of fact did not afford the habeas
> applicant a full and fair fact hearing.

Townsend v. Sain, 372 U.S. 293, 313 (1963). As the magistrate judge stated, none of these factors are implicated in this instance. ECF No. 40 *48. The state habeas court thoroughly reviewed the trial court record and issued conclusions of law and findings of fact regarding each claim. The state court also set forth specific findings concerning its decision to issue its final order without an evidentiary hearing. The petitioner objects to the magistrate judge's report stating that there was no full development of determinative factual questions in the state courts due to the appointed counsel's acts of omission. The state habeas court, however, did in fact address the factual issues raised by petitioner in his ineffective assistance of counsel claims and found that petitioner did not provide any evidence showing that he was in fact prejudiced by counsel's actions.

C.   Motion to Amend

The petitioner seeks to add an additional four claims through his motion to amend his petition. This Court agrees with the magistrate judge's findings that the petitioner has failed to exhaust his state remedies pertaining to these four additional claims and thus granting this motion would be futile. This motion was made more than a year after the petitioner filed his petition for relief in federal court. The petitioner may make an amendment

or supplement his habeas petition "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The federal court, however, may deny such an amendment, however, if petitioner has failed to exhaust his state remedies. See Forman v. Davis, 371 U.S. 178, 182 (1962) (stating in the absence of such things as futility of amendment, the court should freely grant leave to amend). Two of petitioner's claims address ineffective assistance of counsel and, although the petitioner did raise ineffective assistance of counsel claims, he never raised these particular claims. Moreover, the other two claims petitioner seeks to include do not resemble any claim addressed in his direct appeal or state habeas appeal.

The petitioner objects to the magistrate judge's findings stating that he did raise two of the claims in a "motion to correct an illegal sentence," which he filed in state court in February 2012. He claims that his motion, which was denied by the state circuit court, and his appeal to the Supreme Court of West Virginia, which is currently pending, has now satisfied the exhaustion requirement. When comparing the claims petitioner included in his motion to amend with those claims he asserts are now before the Supreme Court of Appeals of West Virginia, this Court finds that they are not in fact the same claims as necessary to satisfy the exhaustion requirement. See Matthews v. Evatt, 105

F.3d 907, 911 (4th Cir. 1997) (stating that the two claims must present the same operative facts and controlling legal principles).

## IV. Conclusion

Based upon a *de novo* review of the record for those claims that the petitioner made objections to and a determination that the findings and recommendations to which the petitioner did not object were not clearly erroneous or contrary to law, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED. Accordingly, the respondent's motion for summary judgment is GRANTED, petitioner's motion to amend is DENIED, and petitioner's petition filed pursuant to 28 U.S.C. § 2254 is DENIED. The petitioner's motion to strike the respondent's reply is also DENIED. Although this Court reviewed both the respondent's reply and the petitioner's motion to strike, the consideration of these filing do not change the results set out above nor is it appropriate to strike the respondent's reply as it was filed in accordance with the Local Rules. It is also further ORDERED this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 24, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE